# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

IN RE:

DENE AURIELLE SHAEFFER,

    Debtor.

---

DENE AURIELLE SHAEFFER,

    Appellant,

v.

MIKOL ROSENBALM,

    Appellee.

Civil Case No. 19-cv-342-JPG
Bankr. Case No. 17-30052-lkg

## **MEMORANDUM AND ORDER**

This matter comes before the Court for case management purposes. Appellant Dene Aurielle Shaeffer, the debtor in Bankruptcy Case No. 17-30052, has appealed the March 8, 2019, opinion of Bankruptcy Judge Laura K. Grandy (Bankr. Case No. 17-30052-lkg, Doc. 142). On April 11, 2019, the Court ordered Shaeffer to show cause why the Court should not dismiss this appeal because she failed to comply with Judge Grandy's order to pay the filing fee and because the Court lacked jurisdiction because Judge Grandy's order was not the kind of order from which an appeal may be taken (Doc. 3). The Court gave Shaeffer until April 26, 2019, to respond to the show cause order and warned her that if she did not file a timely response, it could dismiss her appeal pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and/or for failure to obey a Court order or pursuant to the Court's inherent authority to manage its docket, *see In re Bluestein & Co.*, 68 F.3d 1022, 1025 (7th Cir. 1995). Shaeffer did not respond to the order to show cause.

The Court will dismiss this case for lack of jurisdiction. For the reasons stated in its order to show cause, the Court finds the order from which Shaeffer appeals is not a kind of order that the Court is authorized to review on appeal under 28 U.S.C. § 158(a), the statute defining the Court's jurisdiction over appeals of Bankruptcy Court orders. Alternatively, the Court dismisses this case pursuant to Rule 41(b) for failure to prosecute and for failure to obey a Court order and pursuant to its inherent authority to manage its docket because Shaeffer failed to pay the filing fee.

For the foregoing reasons, the Court **DISMISSES** this case **without prejudice** and **DIRECTS** the Clerk of Court to enter judgment accordingly. Despite this dismissal, Shaeffer is still obligated to pay the $298 filing fee in full.

**IT IS SO ORDERED.**
**DATED: May 1, 2019**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**